UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 6:03-1092 |
| | ) | |
| v. | ) | **AMENDED** |
| | ) | **ORDER FOR PARTIAL REMISSION** |
| TREMAYNE K. GRAHAM | ) | **OF SURETY BOND** |
| and | ) | |
| FREE AT LAST BONDS, Surety | ) | |

THIS MATTER is before the Court on the Motion of Free At Last Bonds (FAL) for remission of $170,000.00 paid to the Clerk of Court. These monies were ordered paid by this Court in its amended order of February 18, 2005. This order provided that FAL was to pay $50,000.00, as well as $30,000.00 per month beginning March 10, 2005, followed by similar $30,000.00 payments every thirty (30) days thereafter.

Defendant Tremayne Graham was apprehended by the United States Marshals Service in California on June 16, 2005. The Marshal was notified of Graham's location by FAL's recovery agent, Rolando Betancourt. Also seized was approximately 200 kilograms of cocaine, as well as $1.5 million.

FAL argues that Betancourt was largely responsible for locating Tremayne Graham, and the bond should be remitted. Betancourt has submitted an extensive affidavit detailing his efforts to locate Tremayne Graham, as well as his interaction with Deputy United States Marshal John Bridge. FAL has paid approximately $63,000.00 in expenses for the apprehension of Graham.

This Court is well aware of the extensive investigation done by both Betancourt, and the United States Marshals Service. Both have expended numerous hours in pursuit and apprehension of Graham. The Court is also aware that the Spartanburg County Sheriff's Department has expended monies in apprehension of Graham.

This Court has broad discretion to determine the amount of any remission. *United States v. Velez*, 693 F.2d 1081 (11th Cir. 1982). In weighing the equities in this matter, the

Court is of the opinion that a fair resolution would be remittance of the $170,000.00 previously paid into the Court, less the expenses incurred by United States Marshals Service and the Spartanburg County Sheriff's Department in attempting to apprehend Graham.

Now, therefore,

IT IS ORDERED that the Clerk of Court is directed to disburse the $170,000.00 presently being held in the following manner:

1. Payment to Spartanburg County Sheriff's Office in the amount of Fifty-three Thousand Three Hundred Eight-four and 43/100 ($53,384.43) Dollars, representing the expenses incurred by the U.S. Marshals Service and the Spartanburg County Sheriff's Office in Operation Intercept in apprehending Tremayne Graham and transporting him from California to the District of South Carolina, the check to be delivered to John Bridge, Deputy United States Marshal, Greenville, South Carolina, for delivery to the Spartanburg County Sheriff's Office.

2. Payment to Free At Last Bail Bonds in the amount of One Hundred Sixteen Thousand Six Hundred Fifteen and 57/100 ($116,615.57) Dollars, representing the remainder of the monies paid to the Clerk of Court; the check to be made payable to Free At Last Bail Bonds and mailed to 7097 East Isleway Court, Villa Rica, GA 30180.

**IT IS SO ORDERED.**

_____
WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

July 27, 2005

Greenville, South Carolina