IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIM.NO. __6:03-1092__ |
| | ) | 21 U.S.C.§846 |
| | ) | 21 U.S.C.§841(a)(1) |
| | ) | 21 U.S.C.§841(b)(1)(A) |
| | ) | 21 U.S.C.§856(a) (1) |
| vs. | ) | 21 U.S.C.§856(a)(2) |
| | ) | 21 U.S.C.§853 |
| | ) | 21 U.S.C.§881(a)(11) |
| **SCOTT E. KING,** | ) | 18 U.S.C.§1956(h) |
| **a/k/a "X-Man"** | ) | 18 U.S.C.§1956(a)(1)(A)(i) |
| **TREMAYNE K. GRAHAM,** | ) | 18 U.S.C.§1956(a)(1)(B)(i) |
| **a/k/a "Kiki"** | ) | 18 U.S.C.§1957 |
| **JERRY DAVIS** | ) | 18 U.S.C.§982 |
| **ERIC RIVERA** | ) | 18 U.S.C.§2 |
| **TIFFANY GLOSTER,** | ) | 28 U.S.C.§2461(c) |
| **a/k/a "Tiffany Davis"** | ) | 18 U.S.C.§3146(a)(1) |
| **FRANCES SIMS** | ) | 18 U.S.C.§3146(b)(ii) |
| | ) | |
| | ) | **SEVENTH** |
| | ) | **SUPERSEDING INDICTMENT** |

## COUNT 1

**THE GRAND JURY CHARGES**:

That beginning at a time unknown to the Grand Jury, but beginning at least in or around

April 1997, and continuing thereafter up to and including the date of this Seventh Superseding

Indictment, in the District of South Carolina and elsewhere, the Defendants, **SCOTT E. KING,**

**a/k/a "X-Man," TREMAYNE K. GRAHAM, a/k/a "Kiki," JERRY DAVIS** and **ERIC**

**RIVERA**, knowingly and intentionally did combine, conspire and agree together and have tacit

understanding with each other and others, both known and unknown to the Grand Jury, to

knowingly, intentionally and unlawfully possess with intent to distribute and distribute 5

kilograms or more of cocaine and 50 grams or more of cocaine base (commonly known as

"crack" cocaine), both Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

All in violation of Title 21, United States Code, Section 846.

## COUNT 2

**THE GRAND JURY FURTHER CHARGES:**

That on or about January 21, 2004, in the District of South Carolina, the Defendant, **TREMAYNE K. GRAHAM, a/k/a "Kiki,"** knowingly, intentionally and unlawfully did possess with intent to distribute 5 kilograms or more of cocaine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT 3

**THE GRAND JURY FURTHER CHARGES:**

That beginning at a time unknown to the Grand Jury, but beginning in or around January 1999, and continuing thereafter up to and including the date of the Seventh Superseding Indictment, in the District of South Carolina and elsewhere, the Defendants, **SCOTT E. KING, a/k/a "X-Man," TREMAYNE K. GRAHAM, a/k/a "Kiki," JERRY DAVIS, ERIC RIVERA, TIFFANY GLOSTER, a/k/a "Tiffany Davis," and FRANCES SIMS,** knowingly and willfully did combine, conspire, agree together and have tacit understanding with each other and others, both known and unknown to the Grand Jury, to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which in fact involved the proceeds of specified unlawful activity, that is buying, selling and otherwise dealing in narcotic

2

controlled substances, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and further knowing that (1) the transactions were designed to promote the carrying on of said specified unlawful activity; (2) the transactions were designed, in whole and in part, to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said specified unlawful activity; and (3) the transactions involved criminally derived property of a value greater than $10,000; in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(I), 1956(a)(1)(B)(I), 1957 and 2;

All in violation of Title 18, United States Code, Section 1956(h).


## COUNT 4

**THE GRAND JURY FURTHER CHARGES:**

That beginning on or about December 1, 1997, and continuing thereafter, up to and including on about January 21, 2004, in the District of South Carolina, the Defendant, **TREMAYNE K. GRAHAM, a/k/a "Kiki,"** did unlawfully, knowingly, and intentionally maintain a place, to wit: a residence along with adjacent properties and outbuildings, located at 107 Singing Pines Drive, Greenville, South Carolina, for the purpose of storing, using and distributing controlled substances, to wit: cocaine, a Schedule II controlled substance, and did aid and abet others in the commission of the aforesaid offense;

In violation of Title 21, United States Code, Sections 856(a)(1) and (2), and Title 18, United States Code, Section 2.

## COUNT 5

**THE GRAND JURY FURTHER CHARGES:**

That on or about November 2, 2004, the Defendant, **TREMAYNE K. GRAHAM,** a/k/a "Kiki", having been released from detention pending trial, pursuant to Title 18, United States Code, Section 3124, knowingly failed to appear before a court as required by the conditions of release;

All in violation of Title 18, United States Code, Section 3146(a)(1).

## FORFEITURE

1.  DRUG-TRAFFICKING OFFENSES:

A.      Upon conviction for one or more felony violations of Title 21, United States Code, Sections 846, 841(a)(1) and 856, as charged in Counts 1, 2 and 4, of this Seventh Superseding Indictment, the Defendants, **SCOTT E. KING, a/k/a "X-MAN," TREMAYNE K. GRAHAM, a/k/a "Kiki," JERRY DAVIS** and **ERIC RIVERA,** shall each forfeit to the United States all of the Defendant's right, title and interest in and to any property, real and personal,

> (1)     constituting, or derived from any proceeds the Defendant obtained, directly or indirectly, as the result of such violations, and all property traceable thereto;

> (2)     used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations; and

> (3)     any firearm and ammunition (as defined in 18 U.S.C. § 921) used or intended to be used to facilitate the transportation, sale, receipt, possession or concealment of controlled substances or any proceeds traceable thereto.

2.  MONEY LAUNDERING OFFENSES:

A.      Upon conviction for violation of Title 18, United States Code, Section 1956(h) as charged in Count 3 of this Seventh Superseding Indictment, the Defendants, **SCOTT E. KING, a/k/a "X-MAN," TREMAYNE K. GRAHAM, a/k/a "Kiki," TIFFANY GLOSTER, a/k/a "Tiffany Davis," and FRANCES SIMS** shall each forfeit to the United States all of the

5

Defendant's right, title and interest in and to any property, real and personal, involved in such offenses, and any property traceable to such property.

3.    PROPERTY:

A.    Pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2) and Title 18, United States Code, Section 982(a)(1), and Title 28, United States Code, Section 2461(c), property subject to forfeiture upon conviction of the Defendants for the offenses charged in Counts 1-4 of this Seventh Superseding Indictment includes, but is not limited to, the following:

(1)    Cash / Money Judgment:

(a)    A minimum of approximately $ 9,093,070.00 in United States currency and all interest and proceeds traceable thereto, in that such sum in the aggregate constitutes proceeds the Defendants obtained directly or indirectly as the result of such violations of Title 21, United States Code, or used to facilitate such offenses, including, but not limited to, the following:

(1)    Approximately $1,853,070.00 in U.S. Currency seized from Jerry Davis at 5550 Oso Avenue, Woodland Hills, California, on June 16, 2005;

(2)    Real Property:

All right, title and interest of the Defendant, **TREMAYNE K. GRAHAM, a/k/a "Kiki,"** in and to certain real property, together with all improvements thereon and with all rights and easements appertaining, including, but not limited to the following:

(a)    **Lot 2, Unit VI**
**3485 Hallmark Drive, SE**
**Marietta, Georgia  30067**
**Titled in the Name of: Tremayne K. Graham**

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 1039 OF THE 17TH DISTRICT, 2ND SECTION COBB

COUNTY, GEORGIA, BEING LOT 2, UNIT VI, TERRILL MILL ESTATES SUBDIVISION (A/K/A TERRILL MILL ESTATES EXTENSION AND WOODRUFF PLANTATION), AS PER PLAT RECORDED IN PLAT BOOK 130, PAGE 38, COBB COUNTY, GEORGIA RECORDS, WHICH PLAT IS HEREBY REFERRED TO AND MADE A PART OF THIS DESCRIPTION; BEING IMPROVED PROPERTY KNOWN AS 3485 HALLMARK DRIVE, ACCORDING TO THE PRESENT SYSTEM OF NUMBERING HOUSES, COBB COUNTY, GEORGIA RECORDS.

This being the identical property conveyed to Tremayne K. Graham by David Hill and Rosanne Hill by deed dated August 8, 2001, and recorded August 17, 2001, in the Clerk of Superior Court, Cobb County, Georgia, in Deed Book 13406 at Page 1798.

TMS# 17-1039-003-0002-06;

(b)   **Lot 39**
**3160 McMurray Drive**
**Atlanta, Georgia 30311**
**<u>Titled in the Name of: Tiffany M. Gloster</u>**

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 231 OF THE 14TH DISTRICT OF FULTON COUNTY, GEORGIA, BEING A PART OF LOT 39 OF THE ESHA COURT SUBDIVISION, PLAT BOOK 202, PAGE 43, AND AN ADJACENT TRACT OF LAND NOW OR FORMERLY KNOWN AS THE FLETCHER SEAY PROPERTY, AS SHOWN ON THE AFORESAID PLAT OF ESHA COURT SUBDIVISION, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

TO FIND THE TRUE POINT OF BEGINNING, BEGIN AT THE INTERSECTION OF THE SOUTHERLY RIGHT-OF-WAY OF MCMURRAY DRIVE (HAVING A 50 FOOT RIGHT-OF-WAY) WITH THE EASTERLY RIGHT-OF-WAY OF LOVELL DRIVE (HAVING A 32 FOOT RIGHT-OF-WAY) IF SAID RIGHTS OF WAY WERE EXTENDED TO FORM AN ANGLE; THENCE RUNNING SOUTH 89 DEGREES 53 MINUTES 24 SECONDS EAST 10.00 FEET TO A POINT ON THE SOUTHERLY RIGHT-OF-WAY OF MCMURRAY DRIVE, THIS BEING THE TRUE POINT OF BEGINNING; FROM THE TRUE POINT OF BEGINNING AS THUS ESTABLISHED, RUN THENCE SOUTH 89 DEGREES 53 MINUTES 24 SECONDS EAST ALONG THE SOUTHERLY RIGHT-OF-WAY OF MCMURRAY DRIVE 35 61 FEET

TO A POINT ON SAID RIGHT-OF-WAY; THENCE CONTINUING ALONG THE SOUTHWESTERLY RIGHT-OF-WAY OF MCMURRAY DRIVE AND ALONG ARC OF A CURVE TO THE RIGHT AN ARC DISTANCES OF 66.52 FEET (SAID ARE BEING SUBTANDED BY A CHORD LINE BEARING SOUTH 69 DEGREES 49 MINUTES 44 SECONDS EAST MCMURRAY DRIVE SOUTH 49 DEGREES 46 MINUTES 03 SECONDS EAST A CHORD DISTANCE OF 65.17 FEET); THENCE CONTINUING ALONG THE SOUTHWESTERLY RIGHT-OF-WAY OF MCMURRAY DRIVE SOUTH 49 DEGREES 46 MINUTES 03 SECONDS EAST 117 36 FEET TO AN IRON PIN PLACED; THENCE RUNNING SOUTH 00 DEGREES 38 MINUTES 52 SECONDS EAST 84.99 FEET TO AN IRON PIN PLACED; THENCE RUNNING SOUTH 89 DEGREES 21 MINUTES 08 SECONDS WEST 197.31 FEET TO AN IRON PIN PLACED ON THE EASTERLY RIGHT-OF-WAY OF LOVETT DRIVE: THENCE RUNNING NORTH 00 DEGREES 06 MINUTES 36 SECONDS EAST ALONG THE EASTERLY RIGHT-OF-WAY OF LOVETT DRIVE 145 57 FEET TO A POINT ON SAID RIGHT-OF-WAY; THENCE RUNNING NORTH 45 DEGREES 06 MINUTES 30 SECONDS EAST 14.14 FEET TO A POINT ON THE SOUTHERLY RIGHT-OF-WAY OF MCMURRAY DRIVE, THIS BEING THE TRUE POINT OF BEGINNING: AS SHOWN ON THE SURVEY FOR ROOSELVELT GRAHAM, JR., BY BUSBEE SURVEYING CO., INC., RICKY C. BUSBEE, RLS NO. 2497, DATED NOVEMBER 3, 1999.

This being the same property conveyed to Roosevelt Graham, Jr., by Concept Energy Homes, Inc. by deed dated October 25, 1999, and recorded November 24, 1999, in the Clerk of Superior Court, Fulton County, Georgia, recorded in Deed Book 28077 at Page 155, and subsequently conveyed by Roosevelt Graham, Jr. to Tiffany M. Gloster by deed dated May 29, 2004 and recorded July 7, 2004 in Deed Book 37970 at Page 439, in the Clerk of Superior Court, Fulton County, Georgia.

TMS# 0014-0231-0000-031; and

© **Lot 1, Tract 22973**
**5550 Oso Avenue**
**Woodland Hills, California  91367**
**Titled in the Name of: Latonya Jackson**

5550 Oso Avenue, Los Angeles, California, more particularly described as Lot 1, Tract 22973 recorded in Map Book 616, pages 79-81 in the office of the Assessor for the county of Los Angeles, California and also

identified as parcel #2151-012-053 by the Los Angeles County Assessor's Office.

The current title owner of the property is Latonya Jackson. The property was transferred from James King to Latonya Jackson by deed dated June 13, 2005.

All right, title and interest of the Defendant, **FRANCES S. SIMS**, in and to certain real property, together with all improvements thereon and with all rights and easements appertaining, including, but not limited to the following:

(d)  **Lot 16**
**100 Club Court**
**Alpharetta, Georgia 30005**
**Titled in the Name of: Frances S. Sims**

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 1120 OF THE 2ND DISTRICT, 1ST SECTION, FULTON COUNTY, GEORGIA, BEING LOT 16, THE ENCLAVE AT THE GOLF CLUB OF GEORGIA, AS PER PLAT RECORDED IN PLAT BOOK 187, PAGE 64, FULTON COUNTY RECORDS, WHICH PLAT IS HEREBY REFERRED TO AND MADE A PART OF THIS DESCRIPTION; BEING IMPROVED PROPERTY KNOWN AS 100 CLUB COURT, ACCORDING TO THE PRESENT SYSTEM OF NUMBERING HOUSES, FULTON COUNTY, GEORGIA RECORDS.

This being the identical property conveyed to Frances S. Sims by William R. Plummer and Beverly A. Plummer by deed February 6, 2004, and recorded in Deed Book 37093, Page 171 on September 9, 2005 in the Clerk of Superior Court, Fulton County, Georgia

(e)  **Lot 6, Block 15**
**4636 Libbit Avenue**
**Encino, California 91436**
**Titled in the Name of: Stephen Jones**

THAT PORTION OF LOT 6, BLOCK 15, OF TRACT 2955, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE **OF** CALIFORNIA, AS PER MAP RECORDED IN BOOK 31 PAGES 62 TO 70 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF LOS ANGELES, CALIFORNIA WHICH MAPS ARE HEREBY REFERRED TO AND MADE A PART OF THIS DESCRIPTION; BEING IMPROVED PROPERTY KNOWN AS 4636

LIBBIT AVENUE AS WELL AS EASEMENTS FOR INGRESS AND EGRESS AS DESCRIBED AS PARCEL 2 AND PARCEL 3, ACCORDING TO THE PRESENT SYSTEM OF NUMBERING HOUSES, LOS ANGELES COUNTY, CALIFORNIA RECORDS.

This being the identical property conveyed to Steven Jones by Yahuda Benezara by deed April 28, 2004, and recorded as Title Order Number 14015457-321-CV2, Escrow Number 6-51799, County of Los Angeles, California.

4.    SUBSTITUTION OF ASSETS:

A.    If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendants,

(1)    cannot be located upon the exercise of due diligence;

(2)    has been transferred or sold to, or deposited with, a third person;

(3)    has been placed beyond the jurisdiction of the Court;

(4)    has been substantially diminished in value; or

(5)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the said Defendants up to an amount equivalent to the value of the above-described forfeit able property;

10

Pursuant to Title 21, United States Code, Section 853 and 881(a)(11), Title 18, United States Code, Section 982, and Title 28, United States Code, Section 2461(c).

A _True___ BILL

s/Foreperson_____
FOREPERSON

s/Jonathan S. Gasser_____
JONATHAN S. GASSER        (rap)
UNITED STATES ATTORNEY

11

Possible penalties for 21 USC 841(a)(1).

## COCAINE

21 USC 841(a)(1), (b)(1)(A) in a case involving 5 kilograms or more of cocaine and no prior felony drug convictions - a minimum term of imprisonment of not less than 10 years and a maximum term of life imprisonment, no probation, no parole, a fine of $4,000,000 and a term of supervised release of at least five (5) years in addition to any term of imprisonment, plus a special assessment of $100.

21 USC 841(a)(1), (b)(1)(A) in a case involving 5 kilograms or more of cocaine and one prior felony drug conviction - a minimum term of imprisonment of not less than 20 years and a maximum term of life imprisonment, no probation, no parole, a fine of $8,000,000 and a term of supervised release of at least ten (10) years in addition to any term of imprisonment, plus a special assessment of $100.

21 USC 841(a)(1), (b)(1)(A) in a case involving 5 kilograms or more of cocaine and two or more prior felony drug convictions  - a mandatory term of life imprisonment, no probation, no parole, a fine of $8,000,000, plus a special assessment of $100.

21 USC 841(a)(1), (b)(1)(B) in a case involving less than 5 kilograms but 500 grams or more of cocaine and no prior felony drug convictions - a minimum term of imprisonment of not less than five (5) years and a maximum term of imprisonment of 40 years, no probation, no parole, a fine of $2,000,000 and a term of supervised release of at least four (4) years in addition to any term of imprisonment, plus a special assessment of $100.

21 USC 841(a)(1), (b)(1)(B) in a case involving less than 5 kilograms but 500 grams or more of cocaine and one or more prior felony drug convictions - a minimum term of imprisonment of not less than ten (10) years and a maximum term of life imprisonment, no probation, no parole, a fine of $4,000,000 and a term of supervised release of at least eight (8) years in addition to any term of imprisonment, plus a special assessment of $100.

21 USC 841(a)(1), (b)(1)(C) in a case involving less than 500 grams of cocaine and no prior felony drug conviction - a term of imprisonment of 20 years, no probation, no parole, a fine of $1,000,000 and a term of supervised release of at least three (3) years in addition to any term of imprisonment, plus a special assessment of $100.

21 USC 841(a)(1), (b)(1)(C) in a case involving less than 500 grams of cocaine and one or more prior felony drug convictions - a maximum term of imprisonment of 30 years, no probation, no parole, a fine of $2,000,000 and a term of supervised release of at least six (6) years in addition to any term of imprisonment, plus a special assessment of $100.

## COCAINE BASE PENALTIES

21 U.S.C. § 841(a)(1), (b)(1)(A) in a case involving 50 grams or more of cocaine base and no prior felony drug convictions - a minimum term of imprisonment of 10 years and a maximum term of life imprisonment, no probation, no parole, a fine of $4,000,000 and a term of supervised release of at least five (5) years in addition to any term of imprisonment, plus a special assessment of $100.

21 U.S.C. § 841(a)(1), (b)(1)(A) in a case involving 50 grams or more of cocaine base and one prior felony drug conviction - a minimum term of imprisonment of 20 years and a maximum term of life imprisonment, no probation, no parole, a fine of $8,000,000 and a term of supervised release of at least ten (10) years in addition to any term of imprisonment, plus a special assessment of $100.

21 U.S.C. § 841(a)(1), (b)(1)(A) in a case involving 50 grams or more of cocaine base and two or more prior felony drug convictions - a mandatory term of life imprisonment, no probation, no parole, a fine of $8,000,000, plus a special assessment of $100.

21 U.S.C. § 841(a)(1), (b)(1)(B) in a case involving 5 grams or more of cocaine base and no prior felony drug convictions - a minimum term of imprisonment of 5 years and a maximum term of imprisonment of 40 years, no probation, no parole, a fine of $2,000,000 and a term of supervised release of at least four (4) years in addition to any term of imprisonment, plus a special assessment of $100.

21 U.S.C. § 841(a)(1), (b)(1)(B) in a case involving 5 grams or more of cocaine base and one or more prior felony drug convictions - a minimum term of imprisonment of 10 years and a maximum term of life imprisonment, no probation, no parole, a fine of $4,000,000 and a term of supervised release of at least eight (8) years in addition to any term of imprisonment, plus a special assessment of $100.

21 U.S.C. § 841(a)(1), (b)(1)(C) in a case involving less than 5 grams of cocaine base and no prior felony drug conviction - a maximum term of imprisonment of 20 years, no probation, no parole, a fine of $1,000,000 and a term of supervised release of at least three (3) years in addition to any term of imprisonment, plus a special assessment of $100.

21 U.S.C. § 841(a)(1), (b)(1)(C) in a case involving less than 5 grams of cocaine base and one prior felony drug conviction - a maximum term of imprisonment of 30 years, no probation, no parole, a fine of $2,000,000 and a term of supervised release of at least six (6) years in addition to any term of imprisonment, plus a special assessment of $100.

21 U.S.C. § 841(a)(1), (b)(1)(C) in a case involving less than 100 grams of heroin and no prior felony drug conviction - a maximum term of imprisonment of 20 years, no probation, no parole, a fine of $1,000,000 and a term of supervised release of at least three (3) years in addition to any term of imprisonment, plus a special assessment of $100.

21 U.S.C. § 841(a)(1), (b)(1)(C) in a case involving less than 100 grams of heroin and one prior felony drug conviction - a maximum term of imprisonment of 30 years, no probation, no parole, a fine of $2,000,000 and a term of supervised release of at least six (6) years in addition to any term of imprisonment, plus a special assessment of $100.

Possible Penalties in violation Title 18 U.S.C. §1956(h)

Fine of $500,000 or twice the value of the property involved in the transaction, and/or imprisonment for 20 years, plus a term of supervised release of 5 years (18 U.S.C. §3583) and a special assessment of $100.00 (18 U.S.C. §3013)

Possible penalties for 21 USC 856 (Stash House):

21 USC 856(b) - a maximum term of imprisonment of twenty (20) years or a fine of not more than $500,000, or both, and a term of supervised release of not more than three (3) years, plus a special assessment of $100.

POSSIBLE PENALTIES IN VIOLATION OF 18 U.S.C. § 1957

Fine of $250,000 (18 U.S.C. §3571) or not more than twice the amount of the criminally derived property involved in the transaction, and/or imprisonment for 10 years, plus a term of supervised release of 3 years (18 U.S.C. §3583) and a special assessment of $100.00 (18 U.S.C. §3013)

MAXIMUM PENALTIES FOR 18 USC 3146(a)(1)

FINE OF UP TO $250,000.00 AND/OR
IMPRISONMENT FOR 5 YEARS  AND A
TERM OF SUPERVISED RELEASE OF 3 YEARS
SPECIAL ASSESSMENT $100.00



# IN THE UNITED STATES DISTRICT COURT
## FOR THE
### DISTRICT OF SOUTH CAROLINA

TO:      **DEFENDANT**

FROM:    **CLERK OF COURT**

SUBJECT:  **SIGNATURE OF GRAND JURY FOREPERSON ON THE INDICTMENT**

The Court does hereby attest that the signature of the Grand Jury Foreperson is affixed to the original Indictment which is being maintained by the Clerk of Court.