IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.:6:03-1092 |
| | ) | |
| vs. | ) | |
| | ) | |
| SCOTT E. KING | ) | |
| a/k/a "X-Man" | ) | |
| TREMAYNE K. GRAHAM | ) | |
| a/k/a "Kiki" | ) | |
| JERRY DAVIS | ) | |
| ERIC RIVERA | ) | |
| TIFFANY GLOSTER | ) | |
| a/k/a "Tiffany Davis" | ) | |
| FRANCES SIMS | ) | |

**RESPONSE TO VARIOUS MOTIONS**

The United States files this response to a number of outstanding motions filed by the defendants in this case.

**I. Motions to Sever**

Several of the defendants have filed motions to sever their cases from the trials of their co-defendants. The two primary arguments in support of these motions are (1) alleged prejudicial spillover; (2) the possibility of inconsistent defenses; and (3) an alleged need for the testimony of co-defendants. The severance motions filed to date are far from persuasive and fall short of meeting the standards enunciated by the Fourth Circuit.

In order to obtain a severance from the trial of a co-defendant, a defendant must do more than allege prejudicial spillover or the possibility of inconsistent defenses.

Under Rule 8(b) of the Federal Rules of Criminal Procedure, "[t]wo or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Where defendants are properly joined in the indictment, it is well settled that "[b]arring special circumstances, individuals indicted together should be tried together." United States v. Brugman, 655 F.2d 540, 542 (4th Cir. 1981).

"There is a presumption that co-conspirators who are indicted together are properly tried together." United States v. Ramirez, 45 F.3d 1096, 1100 (7th Cir. 1995). Moreover, the Supreme Court has held that when defendants have been properly joined, severance under Rule 14 should be granted, "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534 (1993). These serious risks include markedly different degrees of culpability, inadmissibility of certain evidence if granted separate trials, and unavailability of exculpatory evidence if tried jointly. Id. Here, the defense has made no such showing.

The "serious risk" burden established by Zafiro is not an easy threshold for a defendant to meet. The Fourth Circuit has noted that "a certain amount of conflict among defendants is inherent in most multi-defendant trials," United States v. Smith, 44 F.3d 1259, 1267 (4th Cir. 1995), and that a defendant must show that "the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty." United States

v. Spitler, 800 F.2d 1267, 1273 (4th Cir. 1986). For this reason, a defendant seeking severance must show a conflict "so unfairly prejudicial that a miscarriage of justice would result." United States v. Williams, 10 F.3d 1070, 1080 (4th Cir. 1993).

No right to severance exists because the evidence against one defendant is stronger or more inflammatory than the evidence against the other defendant. The Fourth Circuit has spoken clearly on such claims in United States v. Riley, 991 F.2d 120, 125 (4th Cir. 1993), holding that no right to severance arises because the evidence against one or more defendants is stronger than the evidence of other defendants. To be entitled to a severance, a defendant must show more than merely that a separate trial would offer him a better chance of acquittal. United States v. Spitler, 800 F.2d 1267, 1271 (4th Cir. 1986). See, e.g., United States v. Johnson, 219 F.3d 349, 357 (4th Cir. 2000); United States v. Akinkoye, 185 F.3d 192, 197 (4th Cir. 1999). The Fourth Circuit has upheld a single trial for the most culpable co-defendant, as well as his co-defendants who claimed they were misled by the more culpable co-defendant and were themselves his victims. See United States v. Smith, 44 F.3d 1259, 1266 (4th Cir. 1995).

Although the general rule is that persons indicted together should be tried together, a severance is warranted if a defendant can establish that a joint trial would be fundamentally unfair and unduly prejudicial. United States v. Shuford, 454 F.2d 772, 775-76 (4th Cir.1971). However, "[S]peculative allegations as to possible prejudice do not meet the burden of showing an abuse of discretion in denying a motion for severance." United States v. Becker, 585 F.2d 703, 707 (4th Cir.1978).

3

"[I]t is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." Zafiro, *supra.* The bar to challenging the denial of a severance under Fed.R.Crim.P. 14 is extremely high. Moreover, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgement about guilt or innocence." Id.

"Prejudicial spillover" arguments or arguments concerning inconsistent defenses have been rejected by numerous courts on numerous occasions. See United States v. Tipton, 90 F.3d 861 (4th Cir. 1996); United States v. Johnson, 219 F.3d 349 (4th Cir. 2000); United States v. White, 116 F.3d 903 (D.C. Cir. 1997); United States v. Eufrasio, 935 F.2d 553 (3rd Cir. 1991); United States v. Diaz, 176 F.3d 52 (2d Cir. 1999); United States v. Harrelson, 754 F.2d 1153 (5th Cir. 1985); United States v. Delpit, 94 F.3d 1134 (8th Cir. 1996) and United States v. Causey, 185 F.3d 407, 416-417 (5th Cir. 1999)(citing Buchanan v. Kentucky, 483 U.S. 402, 418-419 (1987)(Supreme Court rejected argument that a non-capital defendant cannot receive a fair trial when tried jointly with capital defendants). Also, *see generally* United States v. Rusher, 966 F. 2d 868 (4th Cir. 1992); United States v. Hayden, 85 F.3d 153, 160 (4th Cir. 1996) ; and United States v. Pabellon, 181 F. 3d 93, 1999 WL 30502,30505 (4th Cir. May 14, 1999) (unpublished.) A defendant seeking a severance on the grounds that a severance would allow for the introduction of exculpatory evidence also bears a high burden of proof. See Becker, supra; and United

4

States v. Parodi, 703 F. 2d 768, 778 (4th Cir. 1983). To date, none of the defendants have alleged that they can meet these standards.

Therefore, none of the severance motions filed to date appear to have merit. However, as noted in the Government's filing dated December 13, 2005, the Court's rulings as to the outstanding suppression motions may well effect these motions to sever. Therefore, the United States respectfully requests that the Court hold its final severance decisions in abeyance pending its ruling on the outstanding suppression motions.

**II**. **Motions to Suppress Filed by Defendants Sims, Gloster Rivera and Graham**

Defendants SIMS, GLOSTER and RIVERA have filed boilerplate general motions to suppress. The motions filed by Defendants SIMS and GLOSTER do not address themselves to any specific searches or seizure. Defendant RIVERA's motion merely alleges it seeks to suppress "any and all evidence of drugs seized on the date of defendant's arrest"; the motion does not allege any grounds in support, does not explain which search the defendant complains of (there were at least two) and does not allege standing to challenge any search.

The United States therefore cannot file any meaningful responses to those motions except to say that it opposes them and requests that all defendants be required to establish standing before they are heard to complain about any particular search or seizure. The United States agrees with Defendants SIMS and GLOSTER that all defendants should have the right to file supplemental suppression motions after the discovery process is completed.

5

Through previous counsel, Defendant GRAHAM filed a motion to suppress evidence stemming from a traffic stop on April 27, 1997. The United States does not presently intend to offer any evidence from this search, and advised counsel of its position in this regard on December 13, 2005. The United States requests that this motion be denied as moot, with leave to renew in the unlikely event that the United States changes its position as to this search.

**III. Defendant DAVIS' Motion to Compel Discovery**

Defendant DAVIS has filed a motion to compel the production of discovery relating to the California and Georgia searches addressed in earlier pleadings. The United States has already produced substantial discovery from these searches and is diligently working to obtain this material from law enforcement agents in these jurisdictions so that it can produce it. The United States informs the Court and the parties that it expects to be able to produce another batch of materials early next week. As noted before, this case is related to a several ongoing investigations and prosecutions occurring in multiple states and judicial districts and the production of discovery materials involves coordination with various law enforcement agencies and prosecutors.

The United States is aware of its discovery obligations and has continued to produce discovery in a timely manner and (as is the practice in this district) often well in advance of the time periods contemplated in the federal rules. To date, the United States has produced in excess of 22,000 pages of discovery in an *indexed, searchable electronic* format. The United States would note Defendant DAVIS is the only defendant who has

complained to the undersigned (through counsel) about the pace of discovery in this exceedingly complicated case.

>Respectfully submitted,
>
>JONATHAN S. GASSER
>UNITED STATES ATTORNEY
>
>By: s/Mark C. Moore
>    Mark C. Moore (#4956)
>    Assistant United States Attorney

Columbia, South Carolina

December 15, 2005