IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No: 6:03-1092 |
| | ) | |
| V. | ) | |
| | ) | **PLEA AGREEMENT** |
| **TREMAYNE GRAHAM** | ) | |

AGREEMENT made this 27TH day of MARCH, 2006, between the United States of America, as represented by United States Attorney REGINALD I. LLOYD Assistant United States Attorneys Mark C. Moore, Regan Pendleton and Leesa Washington; the Defendant, **TREMAYNE GRAHAM** and Defendant's Attorneys, Jessica Salvini and Bradley Bennett.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to Counts 1, 2, 3, 4 and 5 of the Seventh Superseding Indictment now pending, FED. R. CRIM. P. 11(a). Count 1 charges conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine, a violation of Title 21 United States Code, Sections 846 and 841(a)(1). Count 3 charges conspiracy to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, involving the proceeds of specified unlawful activity, a violation of Title 18, United States Code, Sections 1956(h) and 1957.

In order to sustain its burden of proof as to these offenses, the Government is required to prove the following:

### Count 1 – Conspiracy – 21 U.S.C. § 846:

(a) The conspiracy to distribute the charged amount of controlled substances described in the Seventh Superseding Indictment was willfully formed and was existing at or about the alleged time;

(b) The defendant willfully became a member of the conspiracy; and

(c) As part of the conspiracy, the defendant possessed with intent to distribute, distributed and agreed to distribute 5 kilograms of more of cocaine.

Possible Penalties for 21 U.S.C. § 846:

21 U.S.C. § 841(a)(1), (b)(1)(A) - a minimum term of imprisonment of 10 years and a maximum term of life imprisonment, no probation, no parole, a fine of $4,000,000 and a term of supervised release of at least five (5) years in addition to any term of imprisonment, plus a special assessment of $100.

### Count 2 – Possession With Intent to Distribute – 21 U.S.C. § 841(a)(1):

(a) The defendant knowingly and intentionally possessed the 5 kilograms or more of cocaine, or aided and abetted its possession;

(b) At the time of such possession, the defendant knew that the substance possessed was a controlled substance and the defendant possessed the controlled substance with the intent to distribute or aided and abetted said possession with intent to distrbute.

Possible Penalties for 21 U.S.C. § 841(a)(1):

21 U.S.C. § 841(a)(1), (b)(1)(A) - a minimum term of imprisonment of 10 years and a maximum term of life imprisonment, no probation, no parole, a fine of $4,000,000 and a term of supervised release of at least five (5) years in addition to any term of imprisonment, plus a special assessment of $100.

### Count 3 – Conspiracy to Launder Money -18 U.S.C. §§ 1956(h), 1957:

(a) The conspiracy, agreement or understanding to commit money laundering was formed, reached or entered into by two or more persons;

(b) At some time during the existence or life of the conspiracy, agreement, or understanding, the defendant knew the purpose of the agreement, and then deliberately joined the conspiracy, agreement or understanding.

Possible Penalties for 18 U.S.C. § 1956(h) and 1957: - a maximum term of imprisonment of not more than 20 years and/or a fine of not more than $250,000 or twice the value of the property involved in the transaction, whichever is greater and a term of supervised release of at least three (3) years in addition to any term of imprisonment, plus a special assessment of $100.

### Count 4 – Stash House - 21 U.S.C. § 856(a)(1) and (2); 18 U.S.C. § 2:

(a) The defendant knowingly maintained the residence located at 107 Singing Pine Drive, Greenville, SC, for the purpose of storing, using and distributing controlled substances; or

(b) The defendant did aid and abet others in the commission of this offense.

Possible Penalties for 21 U.S.C. § 856: - a maximum term of imprisonment of twenty (20) years or a fine of not more than $500,000, or both, and a term of supervised release of not more than three (3) years, plus a special assessment of $100.

### Count 5 - 18 U.S.C. § 3146(a)(1)

(a) The defendant had been released from detention pending trial; and

(b) The defendant knowingly failed to appear before the court as required by the conditions of his release.

Possible Penalties for 21 U.S.C. § 3146(a)(1): - a fine of up to $250,000 and/or imprisonment for five (10) years, and a term of supervised release of three (3) years, plus a special assessment of $100.

2.	The defendant agrees to provide detailed financial information to the United States Probation Office prior to sentencing. The defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The defendant further understands and agrees that any monetary penalty imposed is not dischargeable in bankruptcy.

A. Fines    The defendant understands and agrees that the court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572, which fine may be due and payable immediately after sentencing regardless of whether the defendant has the money to pay the fine. In the event the defendant does not have the money, the defendant understands and agrees that the court may establish a payment schedule, taking into account the defendant's present and future means of earning money, or of obtaining money to pay the fine.

B. Restitution    The defendant will make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the court at the time of sentencing, which amount is not limited to the count(s) to which the defendant pled guilty, but will include any uncharged relevant conduct. The defendant understands and agrees that full payment of restitution is due immediately after sentencing unless the court provides, in the interest of justice, for payment on a date certain or in installments over the shortest time in which full payment can be reasonably made. The defendant further understands and agrees that the government will seek enforcement of any order of restitution, and reserves the right to petition the court at a later date to increase the amount of any installment payments toward restitution in the interest of justice.

C. <u>Special Assessment</u>    Pursuant to 18 U.S.C. § 3013, the defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

3.     The Defendant, **TREMAYNE K. GRAHAM**, agrees to the following provisions with respect to assets:

A. The Defendant agrees that the forfeiture allegations in the Seventh Superseding Indictment and the Fifth Bill of Particulars are correct. The Defendant agrees to voluntarily surrender to, and not to contest the forfeiture by the United States of America of any and all assets and property interests which are subject to forfeiture pursuant to any provision of law, whether such assets and property interests are in the possession or control of the Defendant, or held on the Defendant's behalf by nominees or other third parties, including, but not limited to, the following specific property and the Defendant's interest in such property :

  i.    Any property, real and personal, constituting or derived from any proceeds the Defendant obtained, directly or indirectly, as the result of violation(s) of Title 21, United States Code, and all property traceable to such property;

  ii.   Any property, real and personal used or intended to be used in any manner or part, to commit or to facilitate the commission of such violation(s) of Title 21, United States Code;

  iii.  Any firearms and ammunition (as defined in 18 U.S.C. § 921)

  iv.   Any property used or intended to be used to facilitate the transportation, sale, receipt, possession or concealment of controlled substances or any proceeds traceable to such property;

  v.    Any property involved in or used in any knowing violations of 18 U.S.C. §§ 922 and 924(d) or any violation of any other criminal law of the United States.

<u>Cash/Money Judgment:</u>

  (a)   All proceeds of the offenses charged in the Seventh Superseding Indictment and the Fifth Bill of Particulars, that is approximately $9,093,070.00 in United States currency, and all interests and proceeds

traceable thereto, in that such proceeds were received in exchange for controlled substances, and were used and were intended to be used to facilitate such offenses.

(b) Approximately $1,853,070.00 in U.S. Currency, seized from 5550 Oso Avenue, Woodland Hills, California, South Carolina, on June 16, 2005


Real Property:

All right, title and interest of the Defendant, **TREMAYNE K. GRAHAM**, in and to certain real property, together with all improvements thereon and with all rights and easements appertaining, including, but not limited to the following:

(a) **Lot 2, Unit VI
3485 Hallmark Drive, SE
Marietta, Georgia 30067
Titled in the Name of: Tremayne K. Graham**

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 1039 OF THE 17TH DISTRICT, 2ND SECTION COBB COUNTY, GEORGIA, BEING LOT 2, UNIT VI, TERRILL MILL ESTATES SUBDIVISION (A/K/A TERRILL MILL ESTATES EXTENSION AND WOODRUFF PLANTATION), AS PER PLAT RECORDED IN PLAT BOOK 130, PAGE 38, COBB COUNTY, GEORGIA RECORDS, WHICH PLAT IS HEREBY REFERRED TO AND MADE A PART OF THIS DESCRIPTION; BEING IMPROVED PROPERTY KNOWN AS 3485 HALLMARK DRIVE, ACCORDING TO THE PRESENT SYSTEM OF NUMBERING HOUSES, COBB COUNTY, GEORGIA RECORDS.

This being the identical property conveyed to Tremayne K. Graham by David Hill and Rosanne Hill by deed dated August 8, 2001, and recorded August 17, 2001, in the Clerk of Superior Court, Cobb County, Georgia, in Deed Book 13406 at Page 1798.

TMS# 17-1039-003-0002-06;

(b) **Lot 39
3160 McMurray Drive
Atlanta, Georgia 30311
Titled in the Name of: Tiffany M. Gloster**

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 231 OF THE 14TH DISTRICT OF FULTON COUNTY, GEORGIA, BEING A PART OF LOT 39 OF THE ESHA COURT SUBDIVISION, PLAT BOOK 202, PAGE 43, AND AN ADJACENT TRACT OF LAND NOW OR FORMERLY KNOWN AS THE FLETCHER SEAY PROPERTY, AS SHOWN ON THE AFORESAID PLAT OF ESHA COURT SUBDIVISION, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

TO FIND THE TRUE POINT OF BEGINNING, BEGIN AT THE INTERSECTION OF THE SOUTHERLY RIGHT-OF-WAY OF MCMURRAY DRIVE (HAVING A 50 FOOT RIGHT-OF-WAY) WITH THE EASTERLY RIGHT-OF-WAY OF LOVELL DRIVE (HAVING A 32 FOOT RIGHT-OF-WAY) IF SAID RIGHTS OF WAY WERE EXTENDED TO FORM AN ANGLE; THENCE RUNNING SOUTH 89 DEGREES 53 MINUTES 24 SECONDS EAST 10.00 FEET TO A POINT ON THE SOUTHERLY RIGHT-OF-WAY OF MCMURRAY DRIVE, THIS BEING THE TRUE POINT OF BEGINNING; FROM THE TRUE POINT OF BEGINNING AS THUS ESTABLISHED, RUN THENCE SOUTH 89 DEGREES 53 MINUTES 24 SECONDS EAST ALONG THE SOUTHERLY RIGHT-OF-WAY OF MCMURRAY DRIVE 35 61 FEET TO A POINT ON SAID RIGHT-OF-WAY; THENCE CONTINUING ALONG THE SOUTHWESTERLY RIGHT-OF-WAY OF MCMURRAY DRIVE AND ALONG ARC OF A CURVE TO THE RIGHT AN ARC DISTANCES OF 66.52 FEET (SAID ARE BEING SUBTANDED BY A CHORD LINE BEARING SOUTH 69 DEGREES 49 MINUTES 44 SECONDS EAST MCMURRAY DRIVE SOUTH 49 DEGREES 46 MINUTES 03 SECONDS EAST A CHORD DISTANCE OF 65.17 FEET); THENCE CONTINUING ALONG THE SOUTHWESTERLY RIGHT-OF-WAY OF MCMURRAY DRIVE SOUTH 49 DEGREES 46 MINUTES 03 SECONDS EAST 117 36 FEET TO AN IRON PIN PLACED; THENCE RUNNING SOUTH 00 DEGREES 38 MINUTES 52 SECONDS EAST 84.99 FEET TO AN IRON PIN PLACED; THENCE RUNNING SOUTH 89 DEGREES 21 MINUTES 08 SECONDS WEST 197.31 FEET TO AN IRON PIN PLACED ON THE EASTERLY RIGHT-OF-WAY OF LOVETT DRIVE: THENCE RUNNING NORTH 00 DEGREES 06 MINUTES 36 SECONDS EAST ALONG THE EASTERLY RIGHT-OF-WAY OF LOVETT DRIVE 145 57 FEET TO A POINT ON SAID RIGHT-OF-WAY; THENCE RUNNING NORTH 45 DEGREES 06 MINUTES 30 SECONDS EAST 14.14 FEET TO A POINT ON THE SOUTHERLY RIGHT-OF-WAY OF MCMURRAY DRIVE, THIS BEING THE TRUE POINT OF BEGINNING: AS SHOWN ON THE SURVEY FOR ROOSELVELT GRAHAM, JR., BY BUSBEE

SURVEYING CO., INC., RICKY C. BUSBEE, RLS NO. 2497, DATED NOVEMBER 3, 1999.

This being the same property conveyed to Roosevelt Graham, Jr., by Concept Energy Homes, Inc. by deed dated October 25, 1999, and recorded November 24, 1999, in the Clerk of Superior Court, Fulton County, Georgia, recorded in Deed Book 28077 at Page 155, and subsequently conveyed by Roosevelt Graham, Jr. to Tiffany M. Gloster by deed dated May 29, 2004 and recorded July 7, 2004 in Deed Book 37970 at Page 439, in the Clerk of Superior Court, Fulton County, Georgia.

TMS# 0014-0231-0000-031; and

(c) **Lot 1, Tract 22973**
**5550 Oso Avenue**
**Woodland Hills, California 91367**
**Titled in the Name of: Latoya Jackson**

5550 Oso Avenue, Los Angeles, California, more particularly described as Lot 1, Tract 22973 recorded in Map Book 616, pages 79-81 in the office of the Assessor for the county of Los Angeles, California and also identified as parcel #2151-012-053 by the Los Angeles County Assessor's Office.

The current title owner of the property is Latonya Jackson. The property was transferred from James King to Latoya Jackson on June 13, 2005.

(d) **Lot 6**
**4636 Libbit Avenue**
**Encino, California 91436**
**Los Angeles County, California**
**Titled in the name of: Steven Jones**

PARCEL 1:

THAT PORTION OF LOT 6, BLOCK 15, OF TRACT NO. 2955, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA. AS PER MAP RECORDED IN BOOK 31 PAGES 62 TO 70 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER FOR SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE SOUTHEASTERLY LINE OF LIBBITT AVENUE (50) FEET WIDE AS SHOWN ON SAID TRACT.

DISTANT SOUTHWESTERLY ALONG SAID LINE OF LIBBITT AVENUE 290 FEET, FROM THE MOST NORTHERLY CORNER OF LOT 6; THENCE CONTINUING SOUTHWESTERLY 10.03 FEET; THENCE SOUTH 41°00' 00" EAST 314.00 FEET; THENCE SOUTH 49°00'00' WEST 41.00 FEET TO THE TRUE POINT OF BEGINNING; THENCE NORTH 49°00'00" EAST 41.00 FEET; THENCE NORTH 41°00'00" WEST 314.00 FEET TO THE SOUTHEAST LINE OF SAID LIBITT AVENUE; THENCE NORTH 53°28'30" EAST 10.03 FEET ALONG SAID SOUTHEAST LINE; THENCE SOUTH 41°00'00" EAST 694.13 FEET ALONG THE NORTHEASTERLY LINE OF THE LAND DESCRIBED IN DEED TO CHESTER A. SMITH RECORDED AS INSTRUMENT NO. 273 ON APRIL 13, 1951 IN BOOK 36040, PAGE 278 OFFICIAL RECORDS TO THE MOST EASTERLY CORNER THEREOF; THENCE NORTH 89°05'30" WEST 170.00 FEET; THENCE NORTH 25°13'39" WEST 277.82 FEET TO THE TRUE POINT OF BEGINNING.

PARCEL 2:

AN EASEMENT FOR INGRESS AND EGRESS OVER THAT PORTION OF LOT 6 IN BLOCK 15, TRACT NO. 2955, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA. AS PER MAP RECORDED IN BOOK 31, PAGES 62 TO 70 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE SOUTHEASTERLY LINE OF LIBBITT AVENUE, 50 FEET WIDE AS SHOWN ON SAID TRACT, DISTANT SOUTHWESTERLY ALONG SAID LINE OF LIBBITT AVENUE 290 FEET FROM THE MOST NORTHERLY CORNER OF LOT 6; THENCE SOUTH 41°00'00" EAST 694.13 FEET ALONG THE NORTHEASTERLY LINE OF THE LAND DESCRIBED IN DEED TO CHESTER A SMITH RECORDED APRIL 13, 1951 AS INSTRUMENT NO. 273 IN BOOK 36040 PAGE 278. OFFICIAL RECORDS TO THE MOST EASTERLY CORNER THEREOF; THENCE NORTH 89°5'30" WEST 170.00 FEET; THENCE NORTH 25°13'39" WEST 25.80 FEET TO THE TRUE POINT OF BEGINNING; THENCE CONTINUING NORTH 25°13'39" WEST 122.85 FEET; THENCE SOUTH 64°46'21" WEST 18.00 FEET; THENCE NORTH 25°13'39" WEST 37.93 FEET; THENCE SOUTH 6°00'00" EAST 143.10 FEET; THENCE NORTH 86°16'43" EAST 70.00 FEET TO THE TRUE POINT OF BEGINNING RECORDED MAY 29, 1987 AS INSTRUMENT NO. 87-8485848, OFFICIAL RECORDS.

PARCEL 3:

AN EASEMENT FOR INGRESS AND EGRESS; SAID EASEMENT IS 20 FEET WIDE. THE SIDE LINES SHALL BE 10 FEET ON EITHER SIDE OF THE FOLLOWING DESCRIBED CENTER LINE:

BEGINNING AT A POINT IN THE SOUTHEASTERLY LINE OF LIBBITT AVENUE, (50 FEET WIDE) AS SHOWN ON THE MAP OF SAID TRACT. DISTANT SOUTHWESTERLY ALONG SAID LAND OF LIBBITT AVENUE, 290 FEET, FROM THE MOST NORTHERLY CORNER OF LOT 6, BLOCK 15 OF TRACT NO. 2955; THENCE CONTINUING SOUTHWESTERLY 20.06 FEET TO THE TRUE POINT OF BEGINNING; THENCE SOUTH 41°00'00" EAST 176.00 FEET; THENCE SOUTH 25°13'39" EAST 325 FEET TO THE SOUTHEASTERLY TERMINUS OF SAID CENTER LINE, RECORDED MAY 29, 1987 AS INSTRUMENT NO. 87-848549, OFFICIAL RECORDS.

The current titled owner of the property is Steven Jones. The property was transferred from Yehuda Benezra to Steven Jones on April 28, 2004.

APN No: 2284-016-034

(e) **Lot 16**
**100 Club Court**
**Alpharetta, Georgia 30005**
**Fulton County, Georgia**
<u>**Titled in the name of: Frances Sims**</u>

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 1120 OF THE 2ND DISTRICT, 1ST SECTION, FULTON COUNTY, GEORGIA, BEING LOT 16, THE ENCLAVE AT THE GOLF CLUB OF GEORGIA, AS PER PLAT RECORDED IN PLAT BOOK 187, PAGE 64, FULTON COUNTY RECORDS, SAID PLAT BEING INCORPORATED HEREIN BY REFERENCE THERETO.

THIS BEING THE SAME PROPERTY CONVEYED TO FRANCES S. SIMS BY WILLIAM R. PLUMMER AND BEVERLY A. PLUMMER BY DEED DATED FEBRUARY 6, 2004, AND RECORDED FEBRUARY 19, 2004, IN THE OFFICE OF THE CLERK OF SUPERIOR COURT FOR FULTON COUNTY, GEORGIA, IN DEED BOOK 37093 AT PAGE 171.

<u>Vehicle:</u>

(a)  2004 Range Rover HSE
    VIN #: SALME11444A165603
    California License #: 5KCE621
    Seizure From: Tiffany Marie Gloster
    Date of Seizure: August 17, 2005
    Place of Seizure: Los Angeles International Airport, Los Angeles, CA
    CATS Asset ID #: 05-DEA-456017

b.  The Defendant stipulates the said property constitutes or is traceable to proceeds the obtained directly or indirectly as a result of violations of Title 21, United States Code, as charged in the Seventh Superseding Indictment and the Fifth Bill of Particulars; facilitated such offenses; and/or are substitute assets, and are therefore subject to forfeiture to the United States. The Defendant further stipulates that the forfeiture of the above-referenced property is not constitutionally excessive and is justified in light of the offenses for which the Defendant will be convicted upon entry of a guilty plea pursuant to this Plea Agreement.

c.  The Defendant agrees to forfeit all of the Defendant's right, title and interest in the property described above and to take whatever steps are necessary to pass clear title to the United States, whether title is held by the Defendant or in the names of nominees or other third parties. These steps include, but are not limited to, the waiver and/or withdrawal of any claims and petitions for remission or mitigation which may be or have been filed to contest forfeiture of property, the surrender of title and the signing of civil or criminal consent orders of forfeiture, abandonment agreements or any other documents necessary to effectuate such transfers. The Defendant further agrees to take whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, transferred, wasted, hidden or otherwise made unavailable for forfeiture.

d.  The Defendant understands that assets subject to forfeiture pursuant to this Plea Agreement may be forfeited, at the Government's option, through these criminal proceedings, or through civil administrative, judicial or abandonment proceedings. The Defendant agrees not to object to any civil administrative, or civil judicial forfeiture proceeding brought against assets subject to forfeiture

pursuant to any provision of law, and fully understands that any such civil proceeding may properly be brought at any time before or after the Defendant's guilty plea and sentencing. The Defendant specifically waives any notice requirements and limitations on the time within which such forfeiture or abandonment proceedings may be commenced under any provision of law, including but not limited to 18 U.S.C. § 983, 18 U.S.C. § 924 and 28 U.S.C. § 2461(c). The Defendant agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement, whether civil, criminal or administrative on any grounds. The Defendant specifically waives any Due Process, Double Jeopardy, Eighth Amendment or other constitutional challenges the Defendant may have or hereafter claim to have as a result of the forfeiture of these properties pursuant to this Plea Agreement.

e. The Defendant agrees to submit to a full and complete debriefing as to any and assets held or acquired by him and others working with him in his illegal drug business. The Defendant agrees to further agrees to make a full and complete disclosure of all assets over which Defendant currently or previously exercises control which are subject to forfeiture and as to all assets which are held or controlled by a nominee. The Defendant must fully disclose any and all such assets known to him to be subject to forfeiture under any provision of law and provide a full and complete disclosure concerning his knowledge or and acquisition of such assets, and must fully disclose all of his knowledge as to how those assets were acquired, including but not limited to disclosing the true source of the funds involved. The Defendant agrees to submit to such polygraph examinations on the issue of assets as may be requested by the Attorneys for the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. Defendant further agrees that his failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Attorneys for the Government within the Agreement becoming null and void

f. The Defendant understands and agrees that the forfeiture of assets as described herein is expressly contingent upon the Defendant's full and truthful cooperation with the United States pursuant to the terms of this Plea Agreement. The Defendant further understands and agrees that if the Defendant fails to fully cooperate and comply with the terms of this Plea Agreement, the Government may pursue without limitation the forfeiture of any and all assets subject to forfeiture pursuant to any provision of law.

g. The Defendant hereby consents to the entry of a Preliminary Order of Forfeiture prior to sentencing pursuant to Fed. R. Crim. P. 32.2(b)(3) for forfeiture of the Defendant's interest in any assets to be forfeited pursuant to this Plea Agreement,

and agrees that upon entry, such Preliminary Order of Forfeiture shall become final as to the Defendant, and shall be made a part of the sentence and included in the Judgment.

h. The Defendant hereby agrees not to seek a stay of the forfeiture pending any appeal from conviction or order of forfeiture pursuant to Fed. R. Crim. P. 32.2(d), and hereby consents to the transfer of property interests to third parties or other disposition of the above-described property prior to a decision becoming final on any such appeal, upon determination of third parties' rights and entry of a Final Order of Forfeiture.

i. In the event that a claim is made by any third parties to any of the assets to the forfeiture, the Defendant agrees to forfeit substitute assets equal in value to those assets claimed by the said third parties.

j. If it is determined that property subject to forfeiture pursuant to this Plea Agreement has been commingled, transferred or expended and the Defendant does not have assets of equivalent value to forfeit as substitute assets, the Defendant hereby agrees to the entry of a money judgment against the Defendant and in favor of the United States equal to the value of such property and agrees to execute a Consent Order of Forfeiture, Confession of Judgment and Order for Judgment as requested by the United States Attorney's Office.

k. The Defendant understands and agrees that forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, costs of imprisonment, or any other penalty this Court may impose upon the Defendant in addition to forfeiture.

l. The Defendant also consents to the entry of a personal money judgment against the Defendant and in favor of the United States in the amount of $10,000,000 in United States currency, with interest, as of the date of entry of judgment.

4. The Defendant and the Attorneys for the Government stipulate and agree to the following for purposes of calculating the Defendant's sentence pursuant to the United States Sentencing Commission Guidelines:

 a. That the defendant should not receive any increase for role in the offense pursuant to USSG § 3B1.1;

 b. That the defendant should receive a two-level enhancement for possession of a firearm pursuant to USSG § 2D1.1(b)(2);

 c. That the defendant distributed or possessed with intent to distribute in excess of 150 kilograms of cocaine during the life of the conspiracy charged in Count 1;

 d. That the defendant should receive a two level increase for obstruction of justice; and

 e. that if the Court determines the Defendant has readily demonstrated acceptance of responsibility for his offenses, that USSG § 3E1.1(a) applies, thereby providing for a decrease of two (2) levels.

The parties therefore agree that assuming the Defendant complies with all the terms of this agreement, the Defendant's total offense level should be 40. The Defendant understands that these stipulations are not binding upon the Court or the United States Probation Office, and that the Defendant has no right to withdraw his pleas should these stipulations not be accepted. Further, the Defendant understands and acknowledges that these stipulations are binding on the Government only in the event that the Defendant complies with ALL of the terms of this

Agreement and does not contest any of the above stipulations or any readily provable relevant conduct.

5. The Defendant understands that the matter of sentencing is within the sole discretion of the Court and that the sentence applicable to Defendant's case will be imposed after the Court considers as advisory the United States Sentencing Commission Guidelines, Application Notes and Policy Statements, as well as the factors set forth in Title 18, United States Code, Section 3553(a). The Defendant also understands that Defendant's sentence has not yet been determined by the court, and that any estimate of a probable sentencing range Defendant may have received from Defendant's attorney, the Government or the United States Probation Office is only a prediction, not a promise, and is not binding on the Government, the Probation Office or the Court. The Defendant further understands that the Government retains the right to inform the Court of any relevant facts, to address the Court with respect to the nature of the offense, to respond to questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, to respond to any statements made to the Court by or on behalf of the Defendant and to summarize all evidence which would have been presented at trial to establish a factual basis for the plea.

6. The Defendant agrees that all facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum (including facts that support any specific offense characteristic or other enhancement or adjustment) can be found by the court at sentencing by a preponderance of the evidence standard and the court may consider any reliable evidence, including hearsay. By executing this Agreement, the Defendant understands that he waives any argument that facts that determine his offense level under the Guidelines and

pursuant to any mandatory minimum should be alleged in an indictment and found by a jury beyond a reasonable doubt

7. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws.

8. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, it is understood that the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

9. The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which he has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

(1) the Defendant will not be permitted to withdraw his plea of guilty to the offenses described above;

(2) all additional charges known to the Government may be filed in the appropriate district;

(3) the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

(4) the Government will use any and all information and testimony provided by the Defendant in the prosecution of the Defendant of all charges.

10. The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. Defendant further agrees that his refusal to take or his failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void.

11. Provided the Defendant cooperates and complies with all the terms of this Agreement, the Government agrees that it will not attempt to directly use any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement in any pending or future prosecution. The Defendant agrees that the Government may make derivative use of such information as it sees fit. The Defendant also understands that this agreement does not apply to restrict any such information:

(A) known to the Government prior to the date of this Agreement;

(B) concerning the existence of prior convictions and sentences;

          (C) in a prosecution for perjury or giving a false statement;

          or

          (D) in the event the Defendant breaches any of the terms of the Plea Agreement.

12. Provided the Defendant cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person who has committed an offense, the Government agrees to move the Court for a downward departure or reduction of sentence pursuant to United States Sentencing Guidelines §5K1.1, Title 18, United States Code, § 3553(e) or Federal Rule of Criminal Procedure 35(b). The Defendant further understands that any such motion by the Government is not binding upon the Court, and should the Court sentence the Defendant within the Guidelines, to the maximum penalty prescribed by law or refuse to reduce the sentence imposed, the Defendant will have no right to withdraw his plea.

13. The Defendant represents to the court that he has had the services of an attorney the Defendant believes to be competent; that the Defendant has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Seventh Superseding Indictment, including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and

compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person

14. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). Nor does it limit the United States in its comments in or responses to any post-sentencing matters.

15. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

16. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders

a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

| | |
|---|---|
| 3-27-06 <br> DATE | _____ <br> TREMAYNE GRAHAM, Defendant |
| 3-27-06 <br> DATE | _____ <br> JESSICA SALVINI <br> Attorney for the Defendant |
| 3-27-06 <br> DATE | _____ <br> BRADLEY BENNETT <br> Attorney for the Defendant |
| | REGINALD I. LLOYD <br> UNITED STATES ATTORNEY |
| 3-27-06 <br> DATE | BY: _____ <br> REGAN A. PENDLETON <br> Assistant U. S. Attorney |