UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

RECEIVED
USDC CLERK, GREENVILLE, SC

2019 JUN 12 PM 3:22

UNITED STATES OF AMERICA, )
        **Respondent,** )
)
vs. ) Docket No.: 6:03CR1092-10
)
TREMAYNE GRAHAM, ) Motion Pursuant To 18 U.S.C.
        **Petitioner,** ) §3582(c)(2)
)

## MOTION FOR REDUCTION OF SENTENCE

NOW COMES the Petitioner, Tremayne Graham, pro-se, in the above styled cause, requesting this Honorable Court to reduce his sentence pursuant to Title **18 U.S.C. § 3582(c)(2)**, where the Sentencing Commission has made retroactive Amendments to the Sentencing Guidelines relevant drug offenses, public safety and factors pursuant to **18 U.S.C. § 3624(c)**.

This Court has the authority to modify the Petitioner's term of imprisonment imposed herein, pursuant to **§ 3582(c)(2)**, which provides:

> In the case of a defendant who has been sentenced to a term based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to **28 U.S.C. § 994(o)**, upon motion of the defendant or the Director of the Bureau of Prisons, or on it's own motion, the Court may reduce the term of imprisonment after considering the factors set forth in Section **§ 3553(a)** to the extent that they are applicable, if such a reduction is consistent with application policy statements issued by the Sentencing Commission.

-1-

The petition is made based on policy statement § 1B1.10 Reduction in Term of Imprisonment as a result of Amended Guideline Range. Said amendment has been entitled as 782 and is retroactive in nature.

The reason for this amendment was to expand the listing in § 1B1.10(d) to implement the directive in 28 U.S.C. § 994(u) with respect to guideline amendments that may be considered for retroactive application.

Amendment 782 reduced by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties in § 2D1.1, and make parrallel changes to § 2D1.11.

The Commission determined that the base offense levels above mandatory minimum penalties is no longer necessary and that a reduction would be an appropriate step to alleviating the over capacity of the federal prisons.

Public safety, among other factors, requires a limitation on retroactive application of Amendment 782. A major concern was of offenders reentry into society and the preparation needed. Bureau of Prisons (BOP) has the responsibility under 18 U.S.C. § 3624(c) to ensure, to the extent practicable, that the defendant will spend a portion of his or her term of imprisonment under conditions that will afford the defendant a reasonable opportunity to adjust to and prepare for his or her reentry into the community.

Public safety will be considered in every case because §1B1.10 requires the Court, in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted, to consider the nature and seriousness of the danger to any person or the community that may be posed by such a reduction.

**See:** § 1B1.10, comment n.1 (B)(ii).

As **§1B1.10(b)(1)** specifically governs the determination of reduction. It assesses whether this policy statement is applicable and how much of a reduction is warranted.

Petitioner is eligible as set forth in § 1B1.10 comment 1 (A). In comment subsection (b)(ii) & (iii) the factors for consideration are listed: Public safety & Post-Sentencing Conduct.

Petitioner states for the record that he is not a public safety risk. He has never posed a danger to any person or the community at large. Petitioner has never been charged or convicted of a violent offense nor has he ever perpetrated a crime that harmed another.

Petitioner is an excellent candidate for meeting the public safety requirements or Amendment **782**. According to Title **18 U.S.C. §3553(a) 1-7** factors, Petitioner has been striving to better himself to secure a more favorable position to reenter into society, through the vocational and education programs provided by the BOP. The Petitioner has completed the following:

1. 457 hrs. of Computer-Aided Drafting-during which he received Vocational Tech student of the month.

2. Leadership and Goals course.

3. Typing course.

4. College classes:
   a. Personal Sales
   b. Quality Analysis
   c. Customer Service
   d. Retail Management
   e. Communications-collectively gaining 30 credits towards an additional degree.

Petitioner has also recognized that his nefarious conduct came from criminal behavior and lack of focus on positive issues. To cure this defect, Petitioner enrolled and completed the following:

-3-

1. Parenting I

2. Living Free

3. Drug Education

4. Corrective Action Series

5. 500 hrs. Challenge Program, which is a residential program that consist of 24hr. a day behavioral modified living environment. Petitioner completed the program in the alloted 10 months. He is currently living in the program block as a mentor to new members while maintaining the exemplary living criteria as prescribed by BOP Policy.

Petitioner matured mentally and psychologically since receiving his sentence from this Court. It has given him a new prospective on his actions as they related to himself and his community. To that end, Petitioner believes that he is required to give back or help others less fortunate than himself. Therefore, he has taken various jobs and volunteered in many respects to aid his prison community to prepare him for reentry into society to do the same. Petitioner has:

1. Tutored for the Education Department from 2013-present at USP Coleman II in the capacity of Re-entry skills where he teaches how to create resumes, interviews for jobs and the basic essentials needed to manage finances.

2. Tutored for the Challenge Program from 2013-present as GED instructor.

3. Tutored for the Education Department from 2012-2013 teaching GED based skills.

4. Tutored for Education Department at USP McCreary from 2008-2010 in Literacy and basic skills to complete the GED standardized test.

5. Volunteered countless hrs. assisting as is needed and feasable, e.g., walked 5 miles in a program that donated funds to

Breast Cancer in 2013.

In petitioner's 10 years of incarceration, 8 of which have been in BOP's custody, he has completed multiple courses, taken classes to enhance his potential for success legally in society and participated in programs to rehabilitate himself to become a Productive Member of Society.

Petitioner has demonstrated that he is an excellent candiate for the 2 point reduction pursuant to Amendment **782** as recommended by the U.S. Sentencing Commission. Petitioner has enclosed Certification for the above cited classes and courses that were available. Job designations and College courses can be seen on the annexed Inmate Skilled Development Plan.

This Court has the authority to make the requested reduction pursuant to this Circuits ruling: "Under **§3582(c)(2)**, a District Court may modify a defendant's term of imprisonment when the defendant is sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." U.S. v. Munn, 595 F.3d 183, 186 (4th Cir. 2010) quoted in U.S. v. Cosby, 539 Fed. Appx. 214 (4th Cir. 2013); U.S. v. Robinson, 413 Fed. Appx. 646 (4th Cir. 2010).

For the reasons listed above, the Petitioner prays this Honorable Court will rule in favor of this request to reduce his sentence.

Executed this 7th day of June, 2019

Respectfully Submitted, pro se

Tremayne Graham #93948-071
USP Coleman II
P.O. Box 1034
Coleman, FL 33521