IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 6:03-1092-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Tremayne K. Graham, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant Tremayne K. Graham's ("Graham") motion for a sentence reduction pursuant to § 404 of the First Step Act, Pub. L. No. 115-391, December 21, 2018, 132 Stat. 5194.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On March 27, 2006, Graham pled guilty pursuant to a plea agreement to a Superseding Indictment charging him with conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One); possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Count Two); conspiracy to launder money in violation of 18 U.S.C. § 1956(h) (Count Three); maintaining a stash house in violation of 21 U.S.C. § 856(a)(1) (Count Four); and failure to appear for a court hearing in violation of 18 U.S.C. § 3146(a)(1) (Count Five).

On April 17, 2007, Graham was sentenced to life as to Counts 1 and 2, 240 months as to Counts 3 and 4 to be served concurrently, followed by 24-months as to Count 5 to be served consecutively. Graham filed the instant motion for relief under the First Step Act on February 10, 2020. (Mot. Reduce, ECF No. 1174.) The court ordered the Government to respond to Graham's motion on April 30, 2020. (Apr. 30, 2020 Order, ECF No. 1189.) The Government filed a response on May 29, 2020. (Resp., ECF No. 1193.) Graham filed a memorandum in

support on June 12, 2020. (Mem. Support, ECF No. 1195.) Further, Graham filed other supporting documents on June 19, 2020. (Docs., ECF No. 1196.) This matter is now ripe for consideration.

## II. Discussion of the Law

The Fair Sentencing Act of 2010 reduced the sentencing disparity between cocaine base and powder cocaine offenses. Pub. L. No. 111-220, August 3, 2010, 124 Stat. 2372. Graham's sentence has not been previously reduced under the Fair Sentencing Act. However, the First Step Act made the Fair Sentencing Act retroactive and thus applicable to Graham. Pub. L. No. 115-391, December 21, 2018, 132 Stat. 5194.

With the benefit of the First Step Act, Graham's statutory penalties and guideline range under the U.S.S.G. were not impacted by the reduced mandatory minimum and remain unchanged. However, Graham was convicted of a covered offense, Count 1, and is therefore eligible for consideration for a reduced sentence. The Government contends that Graham's sentence should not be reduced. (Resp., generally, ECF No. 1193.)

Section 404(b) of the First Step Act provides that

> [a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010. . . were in effect at the time the covered offense was committed.

Pub. L. No. 115-391, December 21, 2018, 132 Stat. 5194. Further, section 404(c) provides that

> [n]o court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a

> complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

Id. Relief under the First Step Act is discretionary. See First Step Act, § 404(c) (providing that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). The Fair Sentencing Act and the First Step Act do not specifically provide for a full resentencing hearing. Further, the First Step Act does not discuss the U.S.S.G. Instead, the First Step Act merely provides that the court may "impose a reduced sentence" as if the Fair Sentencing Act "were in effect at the time the covered offense was committed."

The First Step Act allows for consideration of a reduced sentence for covered offenses. Pub. L. No. 115-391, December 21, 2018, 132 Stat. 5194 ("A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the [BOP], the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010. . . were in effect at the time the covered offense was committed."). Thus, although Graham's guideline range and statutory penalties did not change, he may be considered for a reduced incarceration sentence under the First Step Act because his conviction in Count 1 is a covered offense.

The court has fully considered Graham's motion, Graham's memorandum and documents in support of his motion to reduce, and the Government's response in opposition.

Further, the court has considered all of the 18 U.S.C. § 3553(a)[1] factors in deciding whether to reduce Graham's sentence.

Graham's offenses in the instant case were very serious, involving a large and sophisticated drug conspiracy, failure to appear, money laundering, and obstruction of justice. However, the court finds that a sentence of less than life imprisonment sufficiently reflects the seriousness of Graham's offenses. Further, Graham does not have a significant criminal history.

---

[1] 18 U.S.C. § 3553(a) provides as follows:
(a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
  (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
  (2) the need for the sentence imposed--(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
  (3) the kinds of sentences available;
  (4) the kinds of sentence and the sentencing range established for--(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; . . . ;
  (5) any pertinent policy statement--(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
  (7) the need to provide restitution to any victims of the offense.

In addition, Graham has had a positive disciplinary record while incarcerated and has undertaken the opportunity to help others in prison. Therefore, the court grants Graham's motion to reduce under § 404 of the First Step Act. The court will reduce Graham's sentence to 384 months' imprisonment. The court believes that this sentence provides just punishment and adequately reflects the seriousness of his offenses. In addition, this sentence will adequately protect the public and promote deterrence for criminal conduct. Based on the foregoing, the court reduces Graham's sentence to 384 months' imprisonment. This term consists of 360 months as to Counts 1 and 2 to be served concurrently, 240 months as to Counts 3 and 4 to be served concurrently to each other and to the sentence imposed on Counts 1 and 2, followed by 24 months as to Count 5 to be served consecutively. This term of imprisonment is followed by a 5-year term of supervised release.[2]

It is therefore

**ORDERED** that Graham's motion, docket number 1174, is granted as set out.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.<br>Senior United States District Judge

July 1, 2020
Greenville, South Carolina

---

[2] In a letter, Graham expresses his concerns regarding the COVID-19 pandemic and his associated risk. The court recognizes that the COVID-19 pandemic is very serious. However, Graham has not filed a motion for compassionate release and there is no evidence that Graham has exhausted his administrative remedies as required. 18 U.S.C. § 3582(c)(1)(A).

**NOTICE OF RIGHT TO APPEAL**

Movant is hereby notified that he has the right to appeal this order within fourteen (14) days from the date hereof, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.